UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA CHEMNITZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 07-CV-0629-CVE-PJC |
| | ) |
| WAL-MART STORES, INC. and | ) |
| JOSEPH WATTS, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court are Plaintiff's Opposed Motion for Leave to File Second Amended Complaint to Add a Party Defendant (Dkt. # 14) and Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 17). Plaintiff requests leave of court to file a second amended complaint adding Wal-Mart Stores East, L.P. as a party, because plaintiff has learned that this entity, rather than Wal-Mart Stores, Inc., is her employer. However, defendants request dismissal of plaintiff's amended complaint, because plaintiff failed to join her employer as a party within 90 days of receiving her right to sue letter as required by Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, as amended et seq. ("Title VII").

**I.**

Beginning on or about February 23, 2002, Deanna Chemnitz has worked as an associate at Wal-Mart Store # 472 in Broken Arrow, Oklahoma. She alleges that a fellow employee, Joseph Watts, subjected her to "unwanted and offensive sexual advances" starting in September 2002. Dkt. # 4, at 2. According to Chemnitz, Watts' behavior became more offensive throughout September 2002 and she informed her supervisor about the alleged sexual harassment. Chemnitz asked her

manager to change her schedule so she would not have to work with Watts, and her manager agreed to take appropriate action. However, she alleges that her supervisors failed to discipline Watts or change her schedule, and Watts continued to harass her from 2003 to 2006.

Chemnitz filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 4, 2006 alleging that she was subjected to continuous sexual harassment from March 1, 2002 to June 15, 2006. Dkt. # 18, Ex. A. However, plaintiff did not quit her position at the Wal-Mart store in Broken Arrow and, according to her amended complaint, she is still employed at the same location. The EEOC notified Chemnitz's employer of her allegations. Wal-Mart Stores East, L.P. sent a letter to the EEOC stating:

> Ms. Chemnitz incorrectly identifies Wal-Mart Supercenter as the named Respondent. Wal-Mart Supercenter is not a legal entity capable of being sued. Wal-Mart Stores East, L.P. is the operating entity for Wal-Mart Store # 472 in Broken Arrow, Oklahoma, and is, therefore, the appropriately named Respondent in this matter. Please amend Ms. Chemnitz's Charge of Discrimination accordingly to reflect Wal-Mart Stores East, L.P. as the named Respondent.

Dkt. # 17, Ex. B, at 1. On August 10, 2007, Chemnitz received a right to sue letter from the EEOC notifying her that no specific findings would be issued and she could file a lawsuit against her employer within 90 days of receiving the letter.

On November 2, 2007, Chemnitz filed a pro se complaint against "Wal-Mart Supercenter" alleging that defendant discriminated against her on the basis of gender. Dkt. # 1. Chemnitz subsequently retained counsel and filed an amended complaint naming Wal-Mart Stores, Inc. and Joseph Watts on February 7, 2008. However, she did not serve Wal-Mart Stores, Inc. until March 7, 2008. Dkt. # 6, at 2. Since filing her amended complaint, Chemnitz states that "[p]laintff's [c]ounsel has learned from [d]efense [c]ounsel that Wal-Mart Stores East, LP is a relevant Principal Subsidiary of Wal-Mart Stores, Inc." and that Wal-Mart Stores East, L.P. is a necessary party. Dkt.

2

# 14, at 2. Chemnitz has filed a motion to amend her complaint to add Wal-Mart Stores East, L.P. as a party. Wal-Mart Stores, Inc. opposes her motion to amend and has filed a motion to dismiss on the ground that plaintiff failed to file a lawsuit against her employer within 90 days of receiving a right to sue letter.

**II.**

Plaintiff seeks leave of court to file an amended complaint under Fed. R. Civ. P. 15. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if the amended complaint would be subject to dismissal under Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 174 F.3d 848, 859 (10th Cir. 1999).

Defendant calls its motion a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). However, the 90 day period for filing suit is treated as a statute of limitations and is subject to waiver and estoppel. Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259 (10th Cir. 1994). Non-jurisdictional defenses, such as a statute of limitations defense, should be raised with a motion to dismiss under Rule 12(b)(6) rather than Rule 12(b)(1). See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

**III.**

The Court's ruling on both pending motions turns on whether plaintiff should be permitted to amend her complaint to add Wal-Mart Stores East, L.P. as a party. If the Court finds that plaintiff's proposed amendment relates back to her original complaint, the statute of limitations for filing suit against Wal-Mart Stores East, L.P. has not expired and she may proceed with a Title VII claim against her employer. If plaintiff's proposed amendment is futile, plaintiff has sued the wrong

4

party and defendant's motion to dismiss should be granted. Plaintiff argues that Title VII is remedial litigation and she was proceeding pro se, and the Court should permit her to amend her complaint to name the correct defendant. Defendant argues that it would be futile to allow plaintiff to amend her complaint, because the proposed amendment would not relate back to her original complaint and the statute of limitations for plaintiff's claim against Wal-Mart Stores East, L.P. has expired.

The key issue is whether a Title VII plaintiff may file an amended complaint adding a new party after the 90 day period to initiate a lawsuit has expired. After receiving a right to sue letter from the EEOC, a plaintiff has 90 days from the date she received the letter from the EEOC to file a lawsuit against her employer. Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir. 1999); Williams v. Southern Union Gas Co., 529 F.2d 483, 487 (10th Cir. 1976). If the complaint was filed more than 90 days after the plaintiff received notice of her right to sue, it will be considered untimely. Noe v. Ward, 754 F.2d 890 (10th Cir. 1985). Although the 90 day period is subject to equitable tolling, this doctrine is applied strictly and the plaintiff must show "active deception of the claimant regarding procedural requirements" for equitable tolling to apply. Jarrett, 22 F.3d at 260.

Defendants cite Archuleta v. Duffy's Inc., 471 F.2d 33 (10th Cir. 1973), to support their argument that plaintiff's failure to bring a lawsuit against the proper party within 90 days of receiving her right to sue letter prevents her from amending her complaint to add Wal-Mart Stores East, L.P. as a party. In Archuleta, the plaintiff filed a Title VII claim against Denver Pop Company d/b/a/ Duffy's Inc. Id. at 34. However, the proper party was actually Duffy's Inc. and plaintiff subsequently filed an amended complaint naming Duffy's Inc. as the defendant. Duffy's Inc. was a wholly separate entity from Denver Pop Company and Duffy's Inc. had no notice of the plaintiff's

5

lawsuit. When the case was filed in 1971, Title VII required a plaintiff to file a lawsuit within 30 days of receiving a right to sue letter and the facts showed that the plaintiff did not sue Duffy's Inc. within 30 days. The district court determined that Duffy's Inc. had not suffered any prejudice from the plaintiff's mistake, and allowed the amended complaint to relate back to the original complaint. The Tenth Circuit disagreed with the district court's decision to allow the plaintiff to file an amended complaint naming Duffy's Inc. as a party, because Duffy's Inc. did not have notice of the lawsuit within the 30 day period provided by Title VII. Id. at 34-35. Duffy, Inc's participation in the EEOC proceedings was not sufficient to satisfy the notice requirement of Rule 15(c). Id. at 35 ("We cannot say that knowledge of the existence of [EEOC proceedings] constitutes, per se, reasonable grounds for notice of the institution of an action."). Therefore, the Tenth Circuit remanded the case to the district court with instructions to dismiss the case.

Considering Archuleta and judicial precedent from other circuits, the Court believes that the Tenth Circuit would apply the ordinary standard under Rule 15(c) to determine if an amended complaint relates back to a complaint timely filed within the 90 limitations period. See Maycher v. Muskogee Med. Ctr. Auxiliary, 129 F.3d 131 (10th Cir. Nov. 6, 1997) (unpublished decision).[1] Rule 15(c) provides that an amendment adding a new party relates back to the filing of the original complaint if:

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

6

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). In order for an amended complaint to relate back to the original complaint, the plaintiff must satisfy four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Johnson v. United States Postal Service, 861 F.2d 1475, 1479 (10th Cir. 1988) (quoting Schiavone v. Fortune, 477 U.S. 21, 29 (1986)).

In this case, the parties do not dispute that the Title VII claim alleged in plaintiff's proposed second amended complaint arises out of the same conduct alleged in the original complaint, and the first factor is satisfied. Defendants argue that the correct defendant, Wal-Mart Stores East, L.P., was not served within 120 days from the filing of the original complaint and, thus, it did not have notice within the period provided by Rule 4(m). Service of a complaint and summons within the limitations period "permit[s] imputation of notice to a subsequently named and sufficiently related party." Schiavone, 477 U.S. at 29. However, the Tenth Circuit noted in Archuleta that an employer's participation in the EEOC proceedings does not constitute notice of an "action" under Rule 15, because the term "'action,' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit." Archuleta, 471 F.2d at 35. While Wal-Mart Stores East, L.P. had notice of plaintiff's EEOC charge and the EEOC proceedings, it did not receive notice of plaintiff's lawsuit within 120 days of the filing of the original complaint. See Maycher, 129 F.3d at *2 ("Rule 15(c)(3), as amended in 1991, only requires that plaintiff give the additional party notice within the

7

120 days provided for service of the original complaint."). Plaintiff's original complaint was filed on November 2, 2007 and she did not serve Wal-Mart Stores Inc. until March 7, 2008. Even if the Court treated this as notice to Wal-Mart Stores East, L.P., service did not occur until 126 days after plaintiff filed her original complaint and she can not satisfy Rule 15(c)'s requirement of notice "within the period provided by Rule 4(m) for serving the summons and complaint . . . ."

Plaintiff can not satisfy the requirements of Rule 15(c), and her second amended complaint substituting Wal-Mart Stores East, L.P. as a party would not relate back to the filing of the original complaint on November 2, 2007. Therefore, her proposed amendment is futile, because the statute of limitations for her claims against Wal-Mart Stores East, L.P. has expired. Wal-Mart Stores, Inc. is not the proper defendant and its motion to dismiss plaintiff's Title VII claim should be granted. In addition to her Title VII claim, plaintiff has also alleged claims for intentional infliction of emotional distress, negligence, and negligent hiring retention and supervision. Based on the amended complaint, the Court lacks diversity jurisdiction over these claims because both plaintiff and defendant Watts are citizens of Oklahoma. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." The Court's decision to exercise supplemental jurisdiction is discretionary, but it should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)). In this case, none of these factors favors the exercise of supplemental jurisdiction, and plaintiff's case should be dismissed so that she may pursue her remaining claims in state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Second Amended Complaint to Add a Party Defendant (Dkt. # 14) is **denied**.  Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 17) is **granted**.  Plaintiff's amended complaint (Dkt. # 4) is **dismissed**.  A separate judgment of dismissal is entered herewith.

**DATED** this 21st day of August, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT